J-S63039-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ISAAC HINERMAN | |
| Appellant | No. 578 MDA 2014 |

Appeal from the Judgment of Sentence October 30, 2013
in the Court of Common Pleas of Lebanon County
Criminal Division at Nos.: CP-38-CR-0000930-2013;
CP-38-CR-0000965-2012

BEFORE:  BOWES, J., PANELLA, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED FEBRUARY 24, 2015**

Appellant, Isaac Hinerman, appeals from the judgment of sentence imposed following a jury conviction of indecent assault, and guilty pleas to summary harassment, simple assault (two counts) and robbery.[1]  Appellant challenges the weight and sufficiency of the evidence for the jury conviction, and the trial court's admission of testimony from the victim's mother about

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3126(a)(8), 2709(a)(1), 2701(a)(3), and 3701(a)(1)(ii), respectively.  On October 31, 2013, the court amended the sentencing order, however, the sentence was computed and ran from October 30, 2013.

the victim's mental state. He also claims the sentence was excessive. We affirm on the basis of the trial court opinion.[2]

In its February 28, 2014 opinion accompanying the order denying Appellant's post-sentence motion, the trial court fully and correctly sets forth the relevant facts and procedural history of this case. (*See* Trial Court Opinion, 2/28/14, at 1-4).[3] Therefore, we have no reason to restate them here.

After his jury conviction, on July 11, 2013, and his guilty pleas, on July 10, 2013 and September 26, 2013, the court sentenced Appellant to an aggregate term of not less than nine years' nor more than twenty-two years' incarceration. This timely appeal followed the denial of Appellant's post-sentence motion.[4]

Appellant raises the following issues for our review:

_____

[2] On April 23, 2014, the court entered its Rule 1925(a) opinion in which it relied on its February 28, 2014 opinion denying Appellant's post-sentence motion. *See* Pa.R.A.P. 1925. Therefore, we will refer to the February 28, 2014 opinion.

[3] On September 26, 2013, Appellant entered an open guilty plea to robbery. We note that the trial court properly cited the statute for robbery but consistently erred in mislabeling the offense as burglary. Appellant does not challenge the robbery conviction. Therefore, the mislabeling error does not affect any issues Appellant raises on appeal, the court's reasoning, or our disposition.

[4] Pursuant to the trial court's order, Appellant filed a timely Rule 1925(b) statement on April 21, 2014. *See* Pa.R.A.P. 1925.

I.      Whether [Appellant's] motion for acquittal should be granted because there was not sufficient evidence presented at trial to prove beyond a reasonable doubt that at [a]ction [n]umber CP-38-CR-965-2012 that [Appellant] was guilty of [indecent assault?]

II.      Whether [Appellant's] [m]otion for a [n]ew [t]rial should be granted because the jury's verdict was against the weight of the evidence and whether the [t]rial [c]ourt's admission of the victim's mother's testimony regarding the victim's mental state was error such that [Appellant] was not afforded a fair trial[?]

III.      Whether [Appellant's] [m]otion for [r]econsideration of [s]entence should be granted[?]

(Appellant's Brief, at 4).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the trial court, we conclude that there is no merit to Appellant's issues. The trial court properly disposes of all of the questions presented. (**See** Trial Ct. Op., at 5-14) (finding that the trial court properly: (1) determined that evidence viewed in light most favorable to Commonwealth was sufficient to prove all elements of indecent assault; (2) admitted testimony of victim's mother as excited utterance exception to hearsay rule; (3) rejected challenge to weight of evidence where victim and other Commonwealth witnesses were credible and jury verdict did not shock conscience of trial court; and (4) determined sentence was not excessive where sentence was within Sentencing Guidelines, and sentencing court reviewed pre-sentence investigation report and found several aggravating factors, including nature and  violent circumstances of

offenses, and Appellant's extensive prior record). Accordingly, we affirm on the basis of the trial court's opinion (except for the mislabeling error).

Judgment of sentence affirmed.

Judge Panella joins the Memorandum.

Judge Bowes concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/24/2015

SG3O 39-14    Circulated 01/26/2015 09:19 AM

# ORIGINAL

**IN THE COURT OF COMMON PLEAS OF LEBANON COUNTY, PENNSYLVANIA**

ENTERED & FILED
2014 FEB 28 A 9: 28
CLERK OF COURTS
LEBANON, PA

## CRIMINAL DIVISION

COMMONWEALTH OF
PENNSYLVANIA

    v.

ISAAC HINERMAN

:
:
:
:
:    **No: CP-38-CR-965-2012**
:    **No: CP-38-CR-930-2013**
:

## ORDER

**And now, to wit, this 27th day of February, 2014,** upon consideration of the Defendant's Post-Sentence Motions, the parties' briefs in support of their positions, and the record of the cases, the Post-Sentence Motions are DENIED.

Pursuant to Pa. R. Crim. P. 720(B)(4), the Defendant is advised that he has the right to appeal from this denial to the Superior Court of Pennsylvania. An appeal must be filed in writing no later than thirty (30) days from the date of this Order. The Defendant has the right to the assistance of counsel in the preparation of an appeal. In the event that the Defendant is indigent, he has the right to appeal *in forma pauperis* and to proceed with assigned counsel as provided by Pa. R. Crim. P. 122. The Defendant has the qualified right to bail under Pa. R. Crim. P. 521(B).

BY THE COURT:

_____,J.
SAMUEL A. KLINE

cc:    Megan E. Ryland Tanner, Esq.
       Ian M. Ehrgood, Esq.

PURSUANT TO Pa.R.Crim. P. 114
All parties are hereby notified
this date: _____
Clerk of Courts, Lebanon, PA

i

**IN THE COURT OF COMMON PLEAS OF LEBANON COUNTY, PENNSYLVANIA**

ENTERED & FILED

2014 FEB 28 A 9 28

CLERK OF COURTS
LEBANON, PA

**CRIMINAL DIVISION**

COMMONWEALTH OF
PENNSYLVANIA

      v.

ISAAC HINERMAN

:
:
:
:
:    **No: CP-38-CR-965-2012**
:    **No: CP-38-CR-930-2013**
:

APPEARANCES:
Megan E. Ryland Tanner, Esq. for the Commonwealth
Ian M. Ehrgood, Esq. for the Defendant

**OPINION, KLINE, J., FEBRUARY 27, 2014**

Before the Court are the Defendant's Post-Sentence Motions. For the reasons set forth herein, we deny the Post-Sentence Motions, as specified below.

### FACTS AND PROCEDURAL HISTORY

On Case No: CP-38-CR-965-2012, the Defendant was charged with one count of Indecent Assault, two counts of Simple Assault, and the summary offense of Harassment.[1] On August 30, 2012, the Defendant filed a Motion to Suppress Evidence, which was subsequently denied. The Defendant pled guilty to the Simple Assault charges and the summary offense. The Defendant proceeded to a jury trial on the Indecent Assault charge. At the conclusion of the trial on July 8, 2013, the jury found the Defendant guilty.

The record of the jury trial contains the following facts. The victim was born on March 10, 1998. (N.T. 5). The victim has never been married. (N.T.

---

[1] 18 Pa.C.S.A. §3126(a)(8), 18 Pa.C.S.A. §2701(a)(3), 18 Pa.C.S.A. §2701(a)(1), and 18 Pa.C.S.A. §2709(a)(1), respectively.

1

5). The victim testified that on March 19, 2012, she was at her house on her porch with her friends. (N.T. 6). She testified,

> Me and my friends were sitting on my porch talking, Isaac came up behind me and said "don't you have to be in by 6:00 o' clock," and took his hand and went down towards my vagina.

(N.T. 6). When the touching occurred, she was off the porch on the sidewalk. (N.T. 18). The touching was on top of her clothes. (N.T. 7). The victim said that the Defendant moved his hand on the outside of her clothing, and his hand stood still. (N.T. 9). The victim identified the Defendant as the individual that touched her vaginal area. (N.T. 8).

After the touching, the victim told her friend John Mattern (hereinafter "Mattern") what happened. (N.T. 9). Mattern told her to walk down the street to "cool off." (N.T. 9). The victim started to walk down the street, then when she walked back with another friend, she saw the Defendant punch Mattern in the face. (N.T. 9). The victim subsequently went inside and told her parents. (N.T. 10).

Mattern testified he saw the Defendant put his arm around the victim "and his hand was fairly low." (N.T. 22). Mattern said that the victim then called him over and told him that the Defendant touched her. (N.T. 22-23). Mattern testified that he had "a pretty good view," and he was able to see exactly where his hand went. (N.T. 28).

The Defendant's Mother testified. During the incident, Mother was inside the house in her living room. (N.T. 34). Mother testified that when she came inside, the victim was distraught, crying, and shaking. (N.T. 35). She said that the victim told her that the Defendant came up behind her, took his hand, and went between her legs over her pants. (N.T. 35). Mother proceeded to call 911. (N.T. 35).

2

Police officer Timothy Lengle (hereinafter "Officer Lengle") testified. On the date of the incident, Officer Lengle was the first officer to arrive on the scene. (N.T. 39). Officer Lengle testified that the child was very distraught. (N.T. 40). The Defendant denied any wrongdoing. (N.T. 43). Officer Lengle testified that the Defendant originally told him that he did not have a knife on his person, and later when the Defendant was searched, a knife was found on him. (N.T. 43-44). The Defendant corroborated this. (N.T. 68).

The Defendant testified at the jury trial, and he denied touching the victim. (N.T. 60). The Defendant claimed that the individuals on the porch were smoking marijuana, but Lengle testified that he did not notice any signs of drug use. (N.T. 57, 44, 48). The Defendant also claimed that the victim, Mother, Mattern, and Officer Lengle all lied when they testified. (N.T. 69).

On Case No: CP-38-CR-930-2013, the Defendant was charged with one count of Burglary.[2] The Defendant pled guilty to this charge.

The Defendant was sentenced on October 30, 2013 on both docket numbers. On Case No: CP-38-CR-965-2012, the Defendant was sentenced as follows, in relevant part:[3]

> Count I, Indecent Assault: to pay the costs of prosecution, to pay a fine of $250.00, and to be incarcerated in a state correctional institution for a minimum of 1 year and a maximum of 2 years, consecutive to all other sentences;
>
> Count II, Simple Assault: to pay the costs of prosecution, to pay a fine of $150.00, and to be incarcerated in a state correctional institution for a minimum of 1 year and a maximum of 2 years, concurrent to Count I and consecutive to all other sentences;

---

[2] 18 Pa.C.S.A. §3701(a)(1)(ii)

[3] The Court notes that there is an Amended Sentencing Order dated October 31, 2013.

3

> Count III, Simple Assault: to pay the costs of prosecution, to pay a fine of $150.00, and to be incarcerated in a state correctional institution for a minimum of 1 year and a maximum of 2 years, concurrent to Counts I and II and consecutive with the sentence at case number CR-930-2013.

(October 31, 2013 Amended Sentencing Order).

On Case No: CP-38-CR-930-2013, the Defendant was sentenced as follows, in relevant part:

> Count I, Burglary: to pay the costs of prosecution, to pay a fine of $500.00, and to be incarcerated in a state correctional institution for a minimum of 8 years and a maximum of 20 years, consecutive to case number CR-965-2012.

(October 30, 2013 Sentencing Order).

On November 12, 2013, the Defendant filed his Post-Sentence Motions, which include a Motion for Judgment of Acquittal, a Motion for a New Trial, and a Motion for Reconsideration of Sentence.[4] First, the Defendant argues that the jury's verdict of guilty as to the charge of Indecent Assault was not supported by sufficient evidence. Specifically, the Commonwealth failed to present sufficient evidence that the Defendant had any physical contact with the victim.

Next, Defendant alleges that the jury's verdict of guilty was against the weight of the evidence insofar as the jury placed too great of weight on the testimony of the victim. Also, the Defendant alleges that the Court erred in allowing the victim's mother to testify as to the effect of the Defendant's actions had on the victim.

Finally, the Defendant requests the Court to reconsider the

---

[4] Pa.R.Crim.P. 720(B)(1)(a)(ii)(iv), and (v) permits a party to file a post-sentence motion, which may include a motion for judgment of acquittal, a motion for a new trial, and a motion to modify sentence.

4

Defendant's sentence. The Defendant avers that the Court imposed an aggravated range sentence at CP-38-CR-930-2013 and it improperly made the two action numbers consecutive without sufficiently considering the Defendant's background, health issues, cooperation, remorse, and potential for rehabilitation.

The Defendant filed a brief in support of his position on January 2, 2014. The Commonwealth filed a brief in support of its position on January 31, 2013. The case is thus before us and ripe for disposition.

## DISCUSSION

### Sufficiency of the Evidence

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Com. v. Jones*, 874 A.2d 108, 120-121 (Pa. Super. 2005).

The crime that Defendant was found guilty of is defined as follows:

5

§ 3126. Indecent assault

(a) Offense defined.--A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and:

(8) the complainant is less than 16 years of age and the person is four or more years older than the complainant and the complainant and the person are not married to each other.

18 Pa.C.S.A. §3126(a)(8). Indecent contact was previously defined as, "any touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in *either* person." 18 Pa.C.S.A. § 3101.[5] Under Pennsylvania law, skin-to-skin touching of a victim's private parts, as opposed to touching through the clothing, is not a requirement for the commission of a crime of indecent assault. *Johnson v. Elk Lake School Dist.*, 283 F.3d 138 (Pa. 3rd Circ. 2002).

The victim in this case testified that the Defendant used his hand to touch her vaginal area over her clothing. The testimony of the victim, standing alone, is sufficient to convict in sex offense prosecutions. *In Interest of J.R.*, 648 A.2d 28 (Pa. Super. 1994), appeal denied 655 A.2d 515 (Pa. 1995).[6] Although the Defendant argues that no physical evidence of abuse was presented by the Commonwealth, physical evidence is not required for a

---

[5] The Legislature has recently amended the definition of indecent contact as follows: "Any touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in *any* person." Amended by 2013 Pa. Legis. Serv. Act 2013-105, approved December 18, 2013, effective January 1, 2014, or immediately, whichever occurred later.

[6] See also *Com. v. Jette*, 818 A.2d 533 (Pa. Super. 2003): In sexual offense cases, the testimony of the victim alone is sufficient to convict.

6

conviction.

Furthermore, the victim was less than 16 years of age. The Defendant was more than four years older than the victim. The Defendant and the victim are not married to each other. Accordingly, this is sufficient evidence to sustain the Defendant's conviction, and the Defendant is not entitled to relief on this claim.

### Admissibility of Mother's Testimony

The Defendant also argues that the admission of Mother's statements regarding the victim's state of mind was improper for various reasons. The Defendant claimed that the victim was lying. The Defendant placed the victim's credibility at issue. The Mother lives with the victim, and she is one of the best witnesses to observe the victim's demeanor. The Mother testified that she noticed certain changes in the Defendant's behavior after the incident. Mother testified that since the incident, the victim has changed and not for the better. (N.T. 36). Mother testified that a person can no longer come up behind her and wrap his or her arms around the victim. (N.T. 37). The victim will not go anywhere alone. (N.T. 37). The victim does not open her bedroom windows anymore, and she always has the curtains drawn. (N.T. 37). These statements all suggest that the victim was not lying since she has changed her behavior since the incident.

Also, the Defendant argues that no proper foundation was presented by the Commonwealth to show the witness had firsthand knowledge of the victim's state of mind. The Defendant contends that the victim could have testified to her own state of mind. Mother testified to examples that she personally observed of how the victim has changed. Since she lives with the victim, Mother certainly has firsthand knowledge of these examples as she personally witnessed the changes.

7

Furthermore, the Defendant contends that Mother's testimony regarding the victim's state of mind improperly influenced the jury's decision as it was the only piece of supporting evidence regarding the victim's credibility. This averment is an unsupported accusation. The fact that the Defendant believes this testimony improperly influenced the jury, does not meant that it actually did influence the jury. This argument also ignores the fact that the victim testified that the Defendant touched her in her vaginal area, and the jury believed her.

Finally, Mother also testified that when the victim came inside the house, the victim was distraught, crying, and shaking. Defense counsel then objected when Mother started to testify as to what the child told her that the Defendant did. (N.T. 35). Defense counsel claimed that this was hearsay, but the objection was overruled as it at least fell within the excited utterance exception to the hearsay rule. (N.T. 35).[7] This was not an error. Accordingly, the Defendant is not entitled to relief on this claim.

## Weight of the Evidence

"A court will grant a new trial on the ground that the verdict was against the weight of the evidence only where it 'appear[s] from the record that the jury's verdict was so contrary to the evidence as to shock one's sense of justice and to make the award of a new trial imperative, so that right may

___

[7] "Our supreme court has consistently defined "excited utterance" as: [A] spontaneous declaration by a person whose mind has been suddenly made subject to an overpowering emotion caused by some unexpected and shocking occurrence, which that person has just participated in or closely witnessed, and made in reference to some phase of that occurrence which he perceived, and this declaration must be made so near the occurrence both in time and place as to exclude the likelihood of its having emanated in whole or in part from his reflective faculties...In determining whether a statement is an excited utterance, we have considered the following: (1) whether the declarant, in fact, witnessed the startling event; 2) the time that elapsed between the startling event and the declaration; 3) whether the statement was in narrative form (inadmissible); and, 4) whether the declarant spoke to others before making the statement, or had the opportunity to do so." *Com. v. Keys,* 814 A.2d 1256, 1258 (Pa. Super. 2003).

8

be given another opportunity to prevail.'" *Com. v. Bellini*, 482 A.2d 997, 999 (Pa. Super. 1984).[8]

> An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that "notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

*Com. v. Widmer*, 744 A.2d 745, 751-752 (Pa. 2000). (citations omitted). "A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict. Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner." *Com. v. Lewis*, 911 A.2d 558. 565 (Pa. Super. 2006).

Having found sufficient evidence to sustain the Defendant's conviction, the verdict in this case does not shock the conscience of the Court. Therefore, it is not against the weight of the evidence.

Furthermore, the finder of fact is free to believe all, part, or none of the evidence. *Com. v. Murray*, 597 A.2d 111 (Pa. Super. 1991). The fact finder makes credibility determinations. *Com. v. Gibbs*, 981 A.2d 274 (Pa. Super.

---

[8] "A verdict is said to be contrary to the evidence such that it shocks one's sense of justice when 'the figure of Justice totters on her pedestal,' or when 'the jury's verdict, at the time of its rendition, causes the trial judge to lose his breath, temporarily, and causes him to almost fall from the bench, then it is truly shocking to the judicial conscience.'" *Com. v. Cruz*, 919 A.2d 279, 282 (Pa. Super. 2007).

2009).

Based on these well-settled principles of law, the jury made the credibility determinations of the witnesses, and it was permitted to believe all, part, or none of the testimony and evidence presented. Although the Defendant may think that the jury placed too great a weight on the testimony of the victim, the jury was free to believe her.

The Court notes that the Defendant presented testimony from two neighbors who live on the same street as the victim. These witnesses testified that the victim does not have a very good reputation for being truthful and honest. (N.T. 53-54). The Defendant also denied the touching, and claimed the other witnesses were lying. The jury was free to evaluate the testimony of these witnesses. Furthermore, if the Court accepted the Defendant's argument, then this Court would be ruling that the jury should have believed the Defendant's witnesses over the victim. The Court cannot do this. Accordingly, the Defendant is not entitled to relief on this claim.

## The Defendant's Sentence

Finally, the Defendant argues that his sentence should be modified for two reasons. First, the Defendant claims that certain factors should have been given more weight when imposing the sentence, which include:

I. The Defendant was gainfully employed at the time of the incident.

II. The Defendant was a high school graduate.

III. The Defendant was 32 years old at the time of sentencing. He will be eligible for parole at the earliest when he is 41 years old, but potentially at 54 years.

IV. The Defendant came from an interested and concerned family, as evidenced by the presence of his mother and brother at his sentencing hearing.

V. The Defendant continues to suffer from a medical condition resulting from a motor vehicle accident in December of 2012.

VI. The Defendant committed the burglary in an attempt to get himself arrested so he would have food and a place to sleep.

(Defendant's brief, p. 9-11). The Defendant also challenges the fact that he was sentenced consecutively on the two docket numbers.

Sentencing is a matter vested in the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. *Com. v. Johnson,* 961 A.2d 877 (Pa. Super. 2008). "Discretion is abused when the course pursued [by the trial court] represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias, or ill will." *Com. v. Lee,* 876 A.2d 408, 413 (Pa. Super. 2005). "[T]he trial court is afforded broad discretion in sentencing criminal defendants 'because of the perception that the trial court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.'" *Com. v. Mouzon,* 812 A.2d 617, 620 (Pa. 2002).

Our Supreme Court of Pennsylvania has stated:

Our legislature has provided standards for appellate review of sentences in 42 Pa.C.S. § 9781. This section provides, in pertinent part, that an appellate court shall vacate a sentence and remand to the sentencing court if "the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable." 42 Pa.C.S. § 9781(c)(3) (emphasis added). It further provides that "[i]n all other cases the appellate court shall affirm the sentence imposed by the sentencing court." 42 Pa.C.S. § 9781(c). The

11

statute provides further direction by listing factors that should be weighed when reviewing a sentence, including:

> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
> (3) The findings upon which the sentence was based.
> (4) The guidelines promulgated by the commission.

42 Pa.C.S. §9781(d).

*Com. v. Smith*, 673 A.2d 893, 895 (Pa. 1996).

At sentencing, we took into consideration the nature and circumstances of the offense and the history of the Defendant when we imposed the Defendant's sentence. The Court gave a discussion of the findings upon which the sentence was based, and why this Court sentenced the Defendant in the aggravated range for the burglary. (Sentencing Transcript, N.T. 10-13). The Court emphasizes that this case cries out for public protection as the Defendant is a threat to society. The Defendant is a very dangerous individual. (N.T. 11-12). This Court stated at sentencing that the only thing he does is place people in fear and threaten them with their lives. (N.T. 11). When he committed the burglary, he claimed he was homeless and wanted to go to prison for food and shelter. Instead of going to a homeless shelter, the Defendant decided to get a gun and threaten someone with her life. (N.T. 11). It is obvious that the Defendant has an extreme indifference to the consequences of his actions and the impact his actions have on other peoples' lives over the course of his life. It also appears that the Defendant is of the belief that the law does not apply to him.

Furthermore, the Court took into consideration the Defendant's

presentence investigation and the guidelines. Upon review of the Defendant's presentence investigation, the following table displays the aggravated range, the maximum penalty, and the minimum and maximum sentences imposed upon the Defendant.

On Action No. CP-38-CR-930-2013, the Defendant was sentenced as follows:

|  | Aggravated Range | Minimum Sentence Imposed | Maximum Penalty | Maximum Sentence Imposed |
|---|---|---|---|---|
| Count I (F1) | 84-96 months | 8 years | 20 years | 20 years |

It is clear that we did not abuse our discretion when sentencing the Defendant on this case. The minimum sentence imposed was within the aggravated range. Sentencing a defendant in the aggravated range is not in itself an abuse of discretion provided the Court states its reasons on the record. This Court stated its reasons for sentencing in the aggravated range as discussed above. Furthermore, the maximum sentence imposed does not exceed the statutory maximum.

On Action No. CP-38-CR-965-2012, the Defendant was sentenced as follows:

|  | Standard Range | Minimum Sentence Imposed | Maximum Penalty | Maximum Sentence Imposed |
|---|---|---|---|---|
| Count I | 12 months | 1 year | 2 years | 2 years |
| Count II | 12 months | 1 year | 2 years | 2 years |
| Count III | 12 months | 1 year | 2 years | 2 years |

This Court did not abuse its discretion when sentencing the Defendant. The minimum sentences imposed were the standard range. All of these

13

sentences ran concurrent to each other. The maximum sentences imposed do not exceed the statutory maximums.

Furthermore, it was in this Jurist's discretion to run the sentences consecutively for the same reasons already discussed. "Generally, Pennsylvania law affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. Any challenge to the exercise of this discretion ordinarily does not raise a substantial question [on appeal]." *Com. v. Prisk*, 13 A.3d 526, 533 (Pa. Super. 2011).[9] The Defendant was sentenced to 8-20 years on action number 930-2013. He was sentenced to 1-2 years on action number 965-2012. The Court was permitted to run these sentences consecutively to arrive at an aggravated sentenced of 9-22 years. Accordingly, the Defendant is not entitled to relief on this claim.

The Defendant cites *Com. v. Simpson*, 510 A.2d 760 (Pa. Super. 1986) in support of his position. In that case, the defendant was convicted of six counts of robbery, four counts of conspiracy, and six counts of possessing an instrument of crime, and he appealed. The Superior Court held that the minimum consecutive sentence of 30 years for the convictions was manifestly excessive. The Court is not persuaded by the Defendant's reliance on this case. Sentencing is specific to every individual. A minimum sentence of 9 years is different from a minimum sentence of 30 years. Furthermore, the Superior Court even stated in *Simpson* that a minimum sentence of 10 years was appropriate based on the facts of that case. *Id.* at 764.

Accordingly, all of the Defendant's Post-Sentence Motions are denied. We will enter an Order consistent with the foregoing.

---

[9] See also *Com. v. Perry*, 883 A.2d 599, 603 (Pa. Super. 2005): "In imposing a sentence, the trial judge may determine whether, given the facts of a particular case, a sentence should run consecutive to or concurrent with another sentence being imposed."

14